# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:22-cv-00493-RJC

| | |
|---|---|
| SARAH TURNER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER OF SOCIAL )<br>SECURITY, )<br>)<br>Defendant. )<br>) | **MEMORANDUM AND ORDER** |

**THIS MATTER** comes before the Court on Plaintiff' Social Security Brief, (Doc. No. 8), Defendant's Brief, (Doc. No. 10), and Plaintiff's Reply Brief, (Doc. No. 11).[1] Having fully considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is proper. Accordingly, the Commissioner's decision is **AFFIRMED**.

## I.  BACKGROUND

The Court adopts the procedural history as stated in the parties' briefs. Plaintiff filed the present action on September 22, 2022. (Doc. No. 1). She assigns error to the Administrative Law Judge's ("ALJ") formulation of her Residual Functional Capacity ("RFC")[2] arguing that the ALJ failed to appropriately evaluate

---

[1] Following amendments to the Supplemental Rules for Social Security Actions, 42 U.S.C. § 405(g), and to Local Civil Rule 7.2, the parties are no longer required to file dispositive motions.

[2] The Social Security Regulations define "Residual Functional Capacity" as "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a). The

1

Plaintiff's self-described limitations when determining her RFC, and she argues that the Appeals Council should have considered additional evidence she submitted regarding a consultation with Dr. Stephen Onesti that occurred on January 31, 2022, after the ALJ's January 2, 2022, hearing.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" as "more than a scintilla" that "must do more than create a suspicion of the existence

---

Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] [R]esidual [F]unctional [C]apacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

of a fact to be established." Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.; see also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence[.]").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456; *see also Smith v. Schweiker*, 795 F.2d at 345; *and Blalock v. Richardson*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

**A. The ALJ's Analysis of Plaintiff's Self-Described Limitations**

Plaintiff first assigns error to the ALJ's reliance on objective evidence over her subjective complaints, arguing that this is inconsistent with the standard outlined in *Arakas v. Comm'r*, 983 F.3d 83 (4th Cir. 2020). (Doc. No. 8 at 9–11). Plaintiff argues that the degree of limitation she described is consistent with the evidence, rendering her disabled, and the ALJ did not reasonably or logically find to the contrary by failing to consider the factors found in 20 C.F.R. § 404.1529. (*Id.*). The Commissioner responds that substantial evidence supports the ALJ's determination that Plaintiff

could sit and stand/walk well enough to perform light work, and the ALJ reasonably considered all the evidence. (Doc. No. 10 at 5, 7). In reply, Plaintiff reiterates her previous arguments and contends that because the Commissioner failed to address *Arakas*, he has waived any argument regarding the applicability of that case. (Doc. No. 11 at 5–6).

A plaintiff's RFC is assessed based on all the relevant evidence in the claimant's case record. 20 C.F.R. § 404.1545(a)(1). Descriptions and observations provided by the claimant which detail the claimant's limitations from her impairments, including limitations that result from her symptoms, such as pain, will be considered in determining residual functional capacity. *Id.* § 404.1545(a)(3).

When the ALJ evaluates a plaintiff's subjective complaints, the analysis proceeds in two steps:

> First, the ALJ must determine whether objective medical evidence presents a "medically determinable impairment" that could reasonably be expected to produce the claimant's alleged symptoms. Second, after finding a medically determinable impairment, the ALJ must assess the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether the claimant is disabled.

*Arakas*, 983 F.3d at 95 (first citing 20 C.F.R. § 404.1529(b), (c); and then citing SSR 16-3p, 2016 WL 1119029, at *3–4).

The Regulations provide that the ALJ's evaluation must consider:

> not only the claimant's statements about his or her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily

activities, specific descriptions of the pain, and any medical treatment
taken to alleviate it.

*Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996) (citations omitted).

"[A] claimant is 'entitled to rely exclusively on subjective evidence to prove the second part of the test.'" *Arakas*, 983 F.3d at 95 (quoting *Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006)). "Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity," the ALJ need not accept a claimant's allegations "to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers." *Craig*, 76 F.3d at 595. However, "ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such [objective] evidence." *Arakas*, 983 F.3d at 97.

District courts have narrowly interpreted *Arakas* to apply only where a plaintiff has fibromyalgia or some other disease that does not produce objective medical evidence. *Wagoner v. Comm'r of Soc. Sec.*, No. 5:20-cv-00145, 2022 U.S. Dist. LEXIS 55747, at *16 (W.D.N.C. Mar. 28, 2022); *see Shelley C. v. Comm'r of SSA*, 61 F.4th 341 (4th Cir. 2023) (applying *Arakas* to cases involving chronic depression). District courts often affirm an ALJ's reliance on objective evidence in cases involving degenerative disc disease. *Gilmore v. Kijakazi*, No. 1:21CV420, 2022 WL 2869047, at *6 (M.D.N.C. July 21, 2022), *report and recommendation adopted,* No. 1:21CV420,

2022 WL 3446133 (M.D.N.C. Aug. 17, 2022); *Denise G. v. Kijakazi*, No. CV BPG21-118, 2021 WL 10319961, at *2 (D. Md. Dec. 29, 2021) ("ALJ properly considered objective medical evidence with regard to plaintiff's [degenerative disc disease]."); *Singletary v. Kijakazi*, No. 7:20-CV-00229-M, 2023 U.S. Dist. LEXIS 34194, at *7–9 (E.D.N.C. Mar. 1, 2023) (finding ALJ properly considered inconsistencies between objective evidence regarding Plaintiff's degenerative disc disease and Plaintiff's subjective evidence of pain); *Botello v. Saul*, No. 120-cv-01104, 2021 U.S. Dist. LEXIS 255812, at *16–19 (E.D. Va. Sept. 23, 2021), *report and recommendation adopted sub nom. Botello v. Kijakazi*, 2022 U.S. Dist. LEXIS 59155 (E.D. Va. Mar. 30, 2022).

Substantial evidence supports the ALJ's evaluation of Plaintiff's subjective complaints and symptoms. The ALJ used the aforementioned two-step analysis, concluding that Plaintiff has the RFC to perform light work. (Tr. at 24–27). First, the ALJ found that Plaintiff met the first prong of the test as Plaintiff suffers from severe impairments—lumbar and cervical degenerative disc disease and obesity—that "could reasonably be expected to cause some of the alleged symptoms." (Tr. 22, 25). However, the ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.* at 25).

Plaintiff's objection improperly relies on *Arakas*, which is incongruent with the present case. Unlike the claimant in *Arakas*, Plaintiff does not claim that he suffered from fibromyalgia or some other disease that does not produce objective symptoms.

Further, the ALJ did not discount Plaintiff's complaints about pain solely because of a lack of objective evidence. (Tr. 24–27). The ALJ gave due consideration to Plaintiff's subjective complaints of pain and highlighted inconsistencies with the objective evidence. (Tr. 26).

Furthermore, Plaintiff's argument that the ALJ made unsupported findings regarding its consideration of the other factors found in 20 C.F.R. § 404.1529(c)(3) is incorrect. Plaintiff argues that "[n]othing in the record establishes that Plaintiff performs any daily activities inconsistent with her testimony," (Doc. No. 8 at 13), however, in multiple instances, the ALJ noted how objective evidence established that Plaintiff can independently perform daily activities, (Tr. at 25–27). Plaintiff also contends that the ALJ failed to acknowledge or discuss Plaintiff's pain ratings, (Doc. No. 8 at 14), but the ALJ discussed Plaintiff's pain throughout her decision, while noting objective evidence inconsistent with Plaintiff's claims, (Tr. at 24–27). Further, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014).

Regarding medications, treatment, and other measures, Plaintiff maintains that the ALJ erred by merely summarizing selective portions of the record in reaching a conclusion. (Doc. No. 8 at 14–15). Again, the ALJ considered Plaintiff's testimony regarding the failure of medication and treatments in alleviating her pain, found inconsistencies with the objective evidence, and reached a conclusion. The ALJ pointed to objective evidence showing limited to no prescriptions of specific, ongoing treatment despite her expressed pain, and in many instances, establishing the

7

success of medication in alleviating her pain. (Tr. 25–27).

Last, Plaintiff asserts that the ALJ failed to give due credit to Plaintiff's "credibility enhancing factor"—her "impeccable work history." (Doc. No. 8 at 15). The Commissioner asserts, and this Court agrees, that "an ALJ's failure to discuss a plaintiff's work history specifically as part of a 'credibility' analysis does not require remand when the ALJ relies on other permissible factors." *Lovett v. Comm'r of Soc. Sec. Admin.*, No. 5:21-CV-00038-WCM, 2022 WL 4007274, at *4 (W.D.N.C. Sept. 1, 2022); *see McKeithan v. Colvin*, No. 1:14CV688, 2015 WL 4493132, at *6 (M.D.N.C. July 23, 2015), *report and recommendation adopted*, No. 1:14CV688, 2015 WL 5178446 (M.D.N.C. Sept. 4, 2015) ("Neither the Fourth Circuit nor any court within it has recognized the so-called "enhanced credibility doctrine."). The Court finds that although the ALJ did not specifically discuss Plaintiff's work history, he conducted a thorough analysis of the factors, noting inconsistencies between Plaintiff's complaints and the objective evidence.

Although the medical records establish that Plaintiff experienced symptoms to some extent, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." *Seacrist*, 538 F.2d at 1056-57. The ALJ applied the correct legal standard and relied on substantial evidence to support his ultimate determination that Plaintiff was not disabled. Accordingly, this objection does not warrant remand.

**B. The Appeals Council's Decision Regarding New Evidence**

The regulations allow "claimants to submit additional evidence, not before the ALJ, when requesting review by the Appeals Council." *Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011). Where there is new medical evidence, the court may remand under the sixth sentence of 42 U.S.C. § 405(g) based upon a finding that the new evidence is material, and that good cause exists for the failure to previously offer the evidence. 42 U.S.C. § 405(g); *Melkonyan*, 501 U.S. at 98, 111 S.Ct. at 2163.

The Appeals Council need not consider additional evidence unless "the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Wilkins v. Secretary, Health & Human Servs.*, 953 F.2d 93, 9596 (4th Cir. 1991) (quotation marks omitted). "Evidence is new if it is not duplicative or cumulative and is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Meyer*, 662 F.3d at 705 (quotation marks omitted). "When the Appeals Council considers new evidence and incorporates that evidence into the record, but denies review, a reviewing court's task is to 'review the record as a whole, including the new evidence, in order to determine whether substantial evidence supports the [Commissioner's] findings." *Flesher v. Colvin*, No. 2:14-cv-30661, 2016 U.S. Dist. LEXIS 43085, at *34 (S.D. W. Va. Mar. 31, 2016) (alteration in original) (quoting *Wilkins*, 953 F.2d at 96).

After the ALJ issued his decision, Plaintiff obtained and submitted to the Appeals Council a January 31, 2022, letter from Dr. Stephen Onesti regarding a neurological consultation Plaintiff received that day via telemedicine at NSPC Brain & Spine Surgery. (Tr. 15–16). The Appeals Council did not consider the letter in

denying Plaintiff's request for review, concluding that the letter did not relate to the period on or before the date of the ALJ's decision. (Tr. 2). However, "the date alone does not disqualify new evidence from being considered new and material. In fact, the evidence 'need not have existed during that period, but rather must be considered if it has any bearing upon whether the claimant was disabled during the relevant period of time.'" *Meadows v. Berryhill*, No. 5:16-cv-00068-RJC-DSC, 2017 U.S. Dist. LEXIS 167948, at *10 (W.D.N.C. Oct. 11, 2017). "Accordingly, the court must determine whether the [additional evidence] was new, material, and relates to the period on or before the date of the ALJ's decision. If so, the Appeals Council erred in failing to consider it, and the matter must be remanded." *Briggs v. Berryhill*, No. 4:16-cv-240, 2017 U.S. Dist. LEXIS 156579, at *10–11 (E.D.N.C. Aug. 30, 2017) (citation omitted).

Even assuming that the letter is new evidence that relates to the period at issue, the letter is not material because there is not a reasonable probability that the letter would change the ALJ's decision. In his letter, Dr. Onesti recommended that Plaintiff was "disabled from any type of work due to severe limitation in ambulation and capacity to sit for any length of time without severe pain." (Tr. 16). Dr. Onesti determined it unlikely that any therapy or pain management would provide Plaintiff relief. (*Id.*). In reaching his conclusion, Dr. Onesti relied on Plaintiff's complaints and an August 2020 MRI, both of which were already in the record before the ALJ. (Tr. 15, 24–27; *see* Tr. 309).

Although the ALJ noted that "[t]he medical evidence of record for the relevant period is sparse," the Court finds that Dr. Onesti's letter does not fill in any gap in

the record. The ALJ's decision is supported by substantial evidence, some of which was the same evidence that Dr. Onesti relied upon in his recommendation. Accordingly, the Court finds that there is not a reasonable probability that consideration of Dr. Onesti's opinion would have changed the outcome. "Put simply, if the new evidence is not in blatant contradiction with and does not cast serious doubt upon the original evidence reviewed by the ALJ, then remand is unnecessary if the ALJ's decision is supported by substantial evidence." *Smart v. Berryhill*, No. 1:18-cv-00333-RJC, 2019 U.S. Dist. LEXIS 222267, at *9 (W.D.N.C. Dec. 30, 2019); *Wiebusch v. Comm'r, SSA*, No. 20-1590, 2022 U.S. App. LEXIS 20732, at *7 (4th Cir. July 27, 2022) (unpublished). ("The [new evidence] does support [plaintiff's] appellate position as to the disabling impact of his narcolepsy. But fatally for [plaintiff's] appeal, the questionnaire conflicts with a wealth of record evidence including medical evaluations, [plaintiff's] own testimony, and the treating physician's treatment notes, which all support the ALJ's decision.").

In sum, the Court concludes that the ALJ applied the correct legal standards, and his conclusion is supported by substantial evidence such that the decision should be affirmed. To the extent that the additional evidence Plaintiff submitted to the Appeals Council is new evidence that relates to the period at issue, the Court finds that the evidence is immaterial because of the lack of reasonable probability that the evidence would have changed the ALJ's decision. Therefore, the additional evidence does not warrant remand.

## IV. <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED** that:

1. The Commissioner's decision is **AFFIRMED**.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: January 6, 2025

_____
Robert J. Conrad, Jr.
United States District Judge